**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARLOS ROMERO SANCHEZ,

      Petitioner,

v.                                                                                    No. 2:26-cv-00736-DHU-GJF

KRISTI NOEM, Secretary, U.S. Department of
Homeland Security; PAMELA BONDI, U.S.
Attorney General; TODD LYONS, Acting Director,
Immigration and Customs Enforcement; MARY DE
ANDA-YBARRA, El Paso Field Office Director;
DORA CASTRO, Warden, Otero County Processing
Center,

      Respondents.

## <u>TEMPORARY RESTRAINING ORDER</u>

THIS MATTER is before the Court on Petitioner's Motion for a Temporary Restraining Order ("TRO"). Doc. 5. Having reviewed Petitioner's Petition for Writ of Habeas Corpus ("Petition"), Doc. 4, and the present motion, the Court finds Petitioner's motion should be **GRANTED**.

### I.
### FACTUAL FINDINGS

1. Petitioner is a Peruvian who entered the United States in November 2022 with his family. Doc. 4 at ¶ 65.

2. Petitioner and his family were paroled in to the United States due to "time in custody restraints." *Id.* (citing Doc. 4-2, Exhibit A).

3. Petitioner applied for asylum based on religious persecution, has work authorization valid through 2029, and has lived and worked freely in Minnesota since November 2022. *Id.*

1

4. On January 8, 2026, Petitioner was detained outside his family's apartment in Apple Valley, Minnesota. *Id.* at ¶ 3. His three children were left alone inside his home when he was taken by immigration officers. *Id.* at ¶ 5.

5. After his initial detention, Petitioner was transferred from Minnesota and is currently detained at the Otero County Processing Center in New Mexico. *Id.* at ¶ 9.

6. Petitioner has an individual hearing on the merits of his immigration case on March 17, 2026. *Id.*

## II.
## TRO FACTORS

**A. Petitioner has demonstrated a substantial likelihood of success on the merits of his habeas petition**:

The Fifth Amendment's Due Process Clause prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons within the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

Petitioner was paroled with his family into the United States in 2022. Before his parole can be revoked, the INA's implementing regulations entitle him to notice, unless his parole term expires on its own. 8 C.F.R. § 212.5(e)(1)-(2). This Court ordered Respondents to submit a Response to Petitioner's Motion for TRO and address the status of Petitioner's parole no later than 12:00 pm MT on Monday, March 16, 2026. No such Response has been filed.

Without information from the Government suggesting otherwise, the Court finds Petitioner is likely to succeed on the merits of his due process claim, because he was re-detained without the process owed to him by the INA and its regulations.[1]

**B. Petitioner will suffer irreparable harm in the absence of injunctive relief**:

First, it is well-established that "the infringement of a constitutional right" is enough to show irreparable harm. *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 805 (10th Cir. 2019). Having found a substantial likelihood of success on the merits of Petitioner's due process claim, "no further showing of irreparable injury" is necessary. *Id.* Beyond this, Petitioner has alleged significant harm as a result of being separated from his family, which has disrupted childcare and family stability. Doc. 5 at 23 (citing Doc. 6-2, Exhibit B).

**C. The balance of equities and public interest weigh in Petitioner's favor**:

When the Government is the party opposing the temporary restraining order, the balance of equities and public interest merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Government's interest in continuing to detain Petitioner is minimal where he has been lawfully paroled into the country. Meanwhile, the harm Petitioner and his family face because of his ongoing detention is significant. Moreover, it is not in the public's interest to allow the detention of individuals without due process of law.

---

[1] Based on the information before the Court at this stage, the Court is unable to make findings regarding the specific circumstances surrounding Petitioner's arrest.

3

### III.
### CONCLUSION

In conclusion, the Court finds that the requirements for issuing a temporary restraining order are met. The Court also finds that the "status quo ante" is the position that Petitioner was in prior to his re-detention by ICE. **IT IS THEREFORE ORDERED** that:

1. Petitioner's request for a temporary restraining order is **GRANTED**;

2. Respondents are **ORDERED** to release Petitioner within twenty-four hours of this Order;

3. Respondents are **RESTRAINED** from re-detaining Petitioner absent appropriate procedures as specified by the INA and its implementing regulations;

4. This order, for good cause shown, shall remain in effect until resolution of the merits of the habeas petition. *See* FED. R. CIV. P. 65(b)(2).

**IT IS SO ORDERED**.

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE